UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS LENNELL DAVIS,

                Petitioner,                          Case No. 2:21-cv-10939
                                                   Hon. Victoria A. Roberts

v.

MIKE BROWN,

                Respondent.
_____/

**ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR BOND PENDING
APPEAL (ECF No. 5.)**

Chris Lennell Davis, a state prisoner, filed an emergency motion for bond pending review
of his habeas petition. (ECF No. 5.) Davis contends that the claims in his habeas petition show
that he is actually innocent of the crimes for which he is incarcerated. He also asserts that he
contracted COVID-19 while in prison earlier during the pandemic, and because of underlying
health conditions he fears for his life if he contracts the disease again. He requests to be released
on bond during the pendency of this action to the custody of family members.

In order to receive bond pending a decision on the merits of a habeas corpus petition, a
petitioner must show a substantial claim of law based on the facts and exceptional circumstances
justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir.
1993)(quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *see also Nash v. Eberlin*, 437
F.3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets
this standard. *Dotson*, 900 F.2d at 79.

First, the Court does not have before it enough of the state court record to evaluate whether Petitioner has a substantial claim of law based on the facts. Respondent's answer to the petition and copies of the state court record are not due until November 15, 2021. The portion of the state court record Petitioner included with his petition, however, suggests that his claims are not as obviously meritorious as he claims. The order denying Petitioner's successive motion for relief from judgment suggests that Petitioner was aware prior to trial of the police report, photographs, and surveillance video he now claims were suppressed and demonstrate his innocence. (See Petition, ECF No. 1, PageID.53-56.

Second, Petitioner fails to demonstrate extraordinary circumstances justifying the extraordinary remedy of bond pending review. While the Court is sympathetic to Petitioner's concerns regarding contracting COVID-19 a second time while in prison, that circumstance is completely unrelated to the legal claims Petitioner raises in his habeas petition. As such, the claims and relief requested in the motion for bond are "outside the scope of this lawsuit." *Ross v. Chapman*, No. 2:19-CV-13729, 2021 U.S. Dist. LEXIS 7873, 2021 WL 148020, at \*4 (E.D. Mich. Jan. 15, 2021). "Petitioner may not 'piggy-back' a separate, unrelated claim to his habeas petition." *Id*.

Finally, there is no indication that Petitioner has been exposed again to the coronavirus, nor has he sufficiently demonstrated that the State of Michigan is unable or unwilling to protect him and other inmates through precautionary measures. *See Titus v. Nagy*, No. 2:18-CV-11315, 2020 U.S. Dist. LEXIS 70077, 2020 WL 1930059, at \*3 (E.D. Mich. Apr. 21, 2020), reconsideration denied, No. 2:18-CV-11315, 2020 U.S. Dist. LEXIS 91177, 2020 WL 2733882 (E.D. Mich. May 26, 2020). The Director of the Michigan Department of Corrections (MDOC) issued a memorandum, listing in detail the numerous steps undertaken by the MDOC to protect

staff and prisoners from the spread of COVID-19. The Director's memorandum outlines various precautionary measures that staff should take to prevent the spread of COVID-19. These precautionary measures include: developing isolation areas for the placement and treatment of prisoners who (i) have tested positive for COVID-19, (ii) are under investigation for having COVID-19, or (iii) have had close contact with known-positive COVID-19 individuals; the wearing of protective gear; the screening of individuals entering correctional facilities; and social distancing. *Id*.

Governor Gretchen Whitmer also promulgated certain protocols to mitigate the spread of COVID-19 among state prisoners and employees who work in state prisons. Executive Order 2020-119 requires MDOC to continue the risk-reduction protocols already in place and implemented in its facilities. These protocols include: screening persons entering and departing facilities; restricting visitors; limiting off-site appointments; developing and implement protocols for inmates with COVID-19 symptoms; providing personal protective equipment for staff; stringently cleaning areas and surfaces; ensuring access to personal hygiene products; practicing social distancing; and minimizing crowding. *Id*.

The extensive precautionary measures undertaken by the MDOC to limit inmates' exposure to COVID-19 at the direction of the Governor and the Director of the MDOC rebut Petitioner's argument that exceptional circumstances exist to justify his release on bond. Petitioner's emergency motion for bond in therefore denied.

**SO ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Court

Dated: 7/9/2021