UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS LENNELL DAVIS,

        Petitioner,                     Case No. 2:21-cv-10939
                                                            Hon. Victoria A. Roberts

v.

MIKE BROWN,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (ECF No. 8.)**

      Shortly after filing his habeas petition, state prisoner Chris Lennell Davis filed an emergency motion for release on bond, contending that he is actually innocent and is in danger of contracting COVID-19 while in prison. (ECF No. 5.) The Court denied the motion because Petitioner failed to demonstrate a substantial claim of law based on the facts and exceptional circumstances. (ECF No. 7.) Before the Court is Petitioner's motion for reconsideration. (ECF No. 8.) Petitioner elaborates on his underlying habeas claim, asserting that it is obviously meritorious and entitles him to immediate release on bond.

      Pursuant to Local Rule 7.1(h), a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

      Petitioner contends that the Court misapprehended the basis for his habeas claim. He acknowledges that he possessed the photographs used by the prosecution at trial as the Court noted,

but he contends that the surveillance videotape from which the photographs were taken was suppressed by the prosecution. The Court makes no final decision regarding the merits of this claim. Until such time as Respondent files a responsive pleading and the state court record, the Court has before it only a portion of the state court record. Nevertheless, based on the argument and part of the record presented by Petitioner, the Court concludes that Petitioner does not have a substantial claim of law based on the facts and exceptional circumstances justifying his release on bond. *See Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

First, the state trial court made a finding of fact that Petitioner was aware of the videotape both at trial and when he initially filed for state post-conviction review in 2004. (See ECF No. 1, PageID.53-56.) That factual finding is presumed correct on habeas review. See 28 U.S.C. § 2254(e)(1). If Petitioner was aware of the basis for his claim in 2004, then Petitioner faces substantial hurdles in overcoming a claim that review of his claim is barred by the statute of limitations or his state court procedural default. Second, Petitioner argues that the videotape proves his actual innocence. But this conclusory allegation is insufficiently developed by Petitioner to show that he is advancing a substantial claim. The decision of the Michigan Court of Appeals suggests that ample evidence of Petitioner's guilt was presented at trial. *See People v. Davis*, 2002 Mich. App. LEXIS 2955, *2-4 (Mich. Ct. App. Nov. 22, 2002).

Petitioner fails to demonstrate that the Court erred in denying his emergency motion for bond. Petitioner's motion for reconsideration is **DENIED**.

**SO ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Court

Dated:  9/7/2021