UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS LENNELL DAVIS,

    Petitioner,

v.

                                                                                                  Case No. 2:21-cv-10939
                                                                                 Hon. Victoria A. Roberts

MIKE BROWN,

    Respondent.

_____/

**ORDER (1) DENYING MOTION TO APPOINT COUNSEL [ECF No. 19], (2) DENYING MOTION TO ALTER JUDGMENT [ECF Nos. 18 and 20], AND (3) DENYING MOTION FOR BOND [ECF No. 22]**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. The case was dismissed for Petitioner's failure to comply with the statute of limitations. (ECF No. 16.) Before the Court are three motions filed by Petitioner: (1) a motion for appointment of counsel, (ECF No. 19), (2) a motion to alter judgment brought pursuant to Federal Rule of Civil Procedure 59(e), (ECF Nos. 18 and 20), and (3) a motion for bond. (ECF No. 22.)

The Court first addresses Petitioner's motion to alter judgment. A district court may grant a Rule 59(e) motion to alter or amend if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Michigan Flyer LLC v. Wayne Co. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citing *Leisure Caviar, LLC v. United States Fish & Wildlife Svs.*, 616 F.3d 612, 615 (6th Cir. 2010)); *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). Petitioner makes no such showing. Rather, he merely reiterates his claim of actual innocence that he presented in the answer to Respondent's motion to dismiss and was rejected in the Court's order dismissing the petition. As previously explained in greater detail, Petitioner fails to proffer evidence that the police report was

1

withheld from him or contains exculpatory information proving his innocence. Moreover, the substantial and compelling evidence presented at trial proving Petitioner's guilt—none of which is undermined by the proffered police report, photos, or video—undermine his claim that he is entitled to equitable tolling on account of his claim of innocence.

A motion to alter or amend judgment, may not be used to relitigate issues of disagreement with the Court's initial ruling. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (explaining that Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 'reargue a case'"); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case."). The Court's dismissal of the habeas petition as untimely filed was appropriate. Petitioner fails to show that he is entitled to post-judgment relief under Rule 59(e).

Because Petitioner fails to demonstrate entitlement to post-judgment relief, his motion for appointment of counsel and motion for bond are denied as moot.

**SO ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Court

Dated:  6/17/2022