UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS LENNELL DAVIS,

        Petitioner,

                                   Case No. 2:21-cv-10939

v.                                Hon. F. Kay Behm

MICHELLE FLOYD,[1]

        Respondent.

_____/

### OPINION AND ORDER DENYING MOTION TO SET ASIDE JUDGMENT UNDER RULE 60(d) AND DENYING MOTION FOR BOND (ECF Nos. 26 and 29)

On January 6, 2022, the Court dismissed Petitioner's state prisoner habeas application because it was filed after expiration of the statute of limitations. (ECF No. 16.) Before the Court is Petitioner's "verified Rule 9(b) and 60(d) motion for relief from judgment," (ECF No. 26), and his "verified motion for bond enlargement pending habeas proceeding." (ECF No. 29.) Both motions are without merit.

### A. Motion for Relief Under Rule 60(d)(3)

Petitioner seeks to set aside the dismissal of his habeas petition under Federal Rule of Civil Procedure 60(d)(3) because Respondent committed a fraud upon the Court.

Relief under Rule 60(d)(3) is available to unsuccessful habeas petitioners only "to prevent a grave miscarriage of justice." *Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). This "'stringent' and 'demanding' standard" requires a petitioner to "make a strong showing of actual innocence." *Id*. at 595-96

---

[1] The Court amends the caption to reflect Petitioner's current custodian.

(citing *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998)) (other citations omitted). Establishing actual innocence requires a habeas petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him . . ." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623-24 (1998)).

The facts of the case and the basis for Petitioner's claim of actual innocence are more fully laid out in the Court's prior opinion. (ECF No. 16.) Briefly, Petitioner was convicted in state court of home invasion and armed robbery for robbing Cynthia Crandall of jewelry in her home. The evidence linking Petitioner to the crime was quite strong. Petitioner and Crandall happened to be at a pawn shop at the same time prior to the robbery. Petitioner sold a gold chain and used his identification to complete the sale, so it was clear that Petitioner was the man in the store with Crandall. While at the store, Petitioner noticed and commented upon Crandall's large jewelry collection.

Soon after this encounter, two men broke into Crandall's home and robbed her of her jewelry. Crandall followed the men outside, where she saw the two men she believed to be her assailants drive away in a tan car. Part of the chase and getaway was caught on a nearby bank's video security camera. Petitioner was later pulled over driving a tan car, and Crandall's jewelry was recovered from under the driver's seat.

The major points of contention raised by Petitioner in his habeas petition and again now in the present motion, are: (1) whether police showed Crandall the bank video or just still photographs taken from it when she was questioned, (2) whether a police report indicating that Crandall was shown the video and not just photographs was suppressed, and (3) whether the video itself was suppressed and proves Petitioner's innocence because the video shows that he

was not one of the two men leaving in the car. The bank video no longer exists, but the two poor-quality photographs taken from it do.

Petitioner asserted in his petition (and argues again now) that the video must have been exculpatory. Why else would the prosecutor have used the two poor-quality photographs from it at trial instead of the video? The Court explained why that specious argument fails in the opinion dismissing the petition, and it will not do so again here. Suffice it to say that the Court was not led to that conclusion because of any alleged misrepresentation of the evidence made by Respondent.

As far as the Court can discern, beyond rehashing the same rejected allegations he made before, Petitioner's current motion presents one new twist on his argument why the video must have been exculpatory.[2] He notes that Crandall's affidavit states "[i]n the video I recall observing myself running through the parking lot." (ECF No. 1, PageID.162, ECF No. 26, PageID.1964.) Here is Petitioner's new smoking gun: If Crandall was able to identify herself in the video, then it must follow that the video was of sufficient quality that the two men could also be identified. And, Petitioner adds, since the video was suppressed, it must also mean that the video would show that Petitioner was not one of the two men. (ECF No. 26, PageID.1945ff.)

This argument fares no better than his earlier ones. Crandall had just chased her two assailants through a parking lot and saw them flee in a car. A police officer then showed her a video that recorded that event. It is not at all surprising that she would identify herself in the video as the woman chasing the men whether or not she could actually recognize herself by her

---

[2] Petitioner does not proffer any new evidence that was not included with his original petition. His present argument is based on the same police report, transcripts, and affidavit that he attached to his habeas petition. (Compare ECF No. 1, PageID.41-64, and ECF No. 26, PageID.1959-69.)

features in the video. That she referred to herself as the woman in the video does not mean that the two men were identifiable from the video. This change in focus to a different statement the victim made in her affidavit does not demonstrate that it is more likely than not that no reasonable juror would have convicted him had this evidence been presented at trial. *Wooten*, 677 F.3d at 307. Petitioner fails to demonstrate entitlement to set aside the judgment dismissing his habeas case under Rule 60(d)(3).

### B. Motion for Bond

As Petitioner's Rule 60(d)(3) motion is without merit and the case remains closed, there is no basis for Petitioner's release on bond pending further proceedings.

### C. Order

Accordingly, Petitioner's motion for relief from judgment (ECF No. 26) and motion for bond enlargement pending habeas proceeding (ECF No. 29), are **DENIED**.

**SO ORDERED**.


Dated: April 17, 2026                                s/F. Kay Behm
                                                     F. Kay Behm
                                                     United States District Judge

4